UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Robert Steven Siddon, | ) | Case No. 08-11320C-7G |
| | ) | |
| Debtor. | ) | |
| | ) | |

OPINION AND ORDER

This case came before the court on September 16, 2008, for hearing on a motion by the Debtor seeking to impose the automatic stay as to his landlord, Yes!Financial, LLC. For the reasons that follow, the court has concluded that the Debtor's motion should be denied.

The first difficulty with the Debtor's motion is that it is procedurally defective. The Debtor is seeking injunctive relief. Rule 7001 of the Federal Rules of Bankruptcy Procedure requires that injunctive relief be sought by means of an adversary proceeding. This requirement is not a mere formality and a failure to comply is a sufficient ground for denying relief. E.g., In re Conxus Communications, Inc., 262 B.R. 893, 899 (D. Del. 2001).

Apart from this procedural defect, there are substantive grounds for denying the relief sought by the Debtor. The Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")[1] included section 362(b)(22), a provision that specifically addresses the situation presented in this case. Under section 362(b)(22) of the

[1] Pub.L. No. S 256, 109-8, 119 Stat. 23 (2005).

Bankruptcy Code, except as provided in section 362(l), the filing of a bankruptcy petition under section 301, 302, or 303 does not operate as a stay under section 362(a)(3),[2] of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

Another BAPCPA provision, section 362(l), which is referenced in section 362(b)(22), provides a mechanism for suspending the operation of section 362(b)(22). Under section 362(l), section 362(b)(22) is inoperative for a period of thirty days from the filing of the petition (leaving the stay in effect for such 30-day period), if the debtor complies with section 362(l)(1) by filing with the petition and serving upon the lessor a certification under penalty of perjury that (A) under applicable nonbankruptcy law there are circumstances under which the debtor is permitted to cure the entire monetary default that gave rise to the judgment for possession after that judgment was entered; and (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of

[2]Under Section 362(a)(3) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . ."

court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition. If, within such 30-day period, the debtor (or an adult dependent of the debtor) complies with section 362(l)(1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under applicable nonbankruptcy law, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection 362(b)(22) shall not apply, unless ordered to apply by the court under section 362(2)(3) (which provides for a hearing if an objection to the debtor's certification is filed by the lessor).

In the present case, the record establishes unequivocally that the Debtor has not complied with section 362(l)(1). Although the Debtor certified on his petition that the landlord has a judgment against the debtor for possession of debtor's residence, the debtor did not make the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition as required under section 362(l)(1).

The effect of Debtor's failure is described in section 362(l)(4): subsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property;

and the clerk of court is required to immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22). The result in this case is that Debtor's landlord is not stayed by section 362(a)(3) from the continuation of any eviction, unlawful detainer action or similar action against the Debtor involving the property referred to in Debtor's motion.

Debtor has shown no grounds for the issuance of an order enjoining or staying the landlord from proceeding lawfully to recover possession of the apartment. Insofar as section 362(a)(3) is concerned, this court has no authority to grant relief that would, in effect, re-institute that provision and effectively overrule section 362(b)(22). Congress has spoken in sections 362(b)(22) and 362(l) with respect to whether section 362(a)(3) should remain in effect under the facts presented in this case and this court must follow the path charted by Congress. See In re Tucker, No. 05-15001, 2005 WL 5607595 (Bankr. N.D. Ga. Nov. 18, 2005)(permitting a cure under a chapter 13 plan would be contrary to provisions of new sections 362(b)(22) and 362(l) and would exceed the court's power under section 105).

The court need not address whether provisions of section 362 other than subparagraph (a)(3) are applicable in this case. If other provisions of section 362(a) are rendered inoperative by

section 362(b)(22) and 362(l),[3] the court, as noted above, is bound by such result. On the other hand, if other provisions of section 362 such as subparagraphs (a)(1) and (a)(2) are applicable and in effect in this case notwithstanding sections 362(b)(22) and 362(l), there is no cause for the court to issue a duplicative injunction or restraining order.

For the foregoing reasons, the Debtor's motion for the issuance of an order granting injunctive relief shall be and hereby is DENIED.

This 16th day of September, 2008.

WILLIAM L. STOCKS
United States Bankruptcy Judge

[3] See In re Williams, 371 B.R. 102 (Bankr. E.D. Pa. 2007)(discussing the effect of section 362(b)(22) on sections 362(a)(1) and (2)).

PARTIES IN INTEREST

Robert Steven Siddon
1601 Ewing Drive
Greensboro, NC

John W. Fletcher, III, Esq.
316 East Worthington Avenue
Charlotte, NC 28203

McConnell Crossing
3529 McConnell Road
Greensboro, NC 27405

Charles M. Ivey, III, Trustee

Michael D. West, Bankruptcy Administrator